ELGARD CORPORATION

v.

BRENNAN CONSTRUCTION COM-
PANY, and the American Insur-
ance Company.

Civ. No. 3:93CV1776 (PCD).

United States District Court,
D. Connecticut.

July 22, 1994.

William J. Egan, Wiggin & Dana, New Haven, CT, for Elgard Corp.

Louis R. Pepe and Lana M. Glovach, Pepe & Hazard, Hartford, CT, for Brennan Const. Co. and American Ins. Co.

John H. Krick, Parrett, Porto, Parese, Colwell & Giulietti, P.C., New Haven, CT, for R.C. ADCO, Inc.

### RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiff subcontractor sues defendant general contractor (Brennan) and its surety for an unpaid balance for materials provided for bridge construction in New Haven. Plaintiff is incorporated in Delaware. Its principal place of business is in Ohio. Brennan is incorporated in and has its principal place of business in Connecticut. The surety is incorporated in Nebraska. Its principal place of business is other than in Ohio. The amount in controversy is over $50,000.

Defendants move for a 12(b)(6) dismissal, claiming that Connecticut General Statute § 49–42(b) permits suits on a payment bond only in Connecticut Superior Court, not federal court.

## I. BACKGROUND

On or about March 25, 1992, Brennan Construction Company ("Brennan") contracted with the State of Connecticut to rehabilitate Bridge No. 00163B located on I–95 over the West River in New Haven, Connecticut. Pursuant to Conn.Gen.Stat. § 49–41, Brennan, as principal, and The American Insurance Company ("American"), as its surety, signed a labor and material payment bond in favor of the State of Connecticut to protect persons supplying labor or materials for the construction. Brennan subcontracted portions of the work to R.C. Adco, Inc. ("Adco"), which subcontracted part of its work to the Elgard Corporation ("Elgard"). Elgard provided engineering services and cathodic protection system materials for $110,200.

Elgard asserts that it supplied Adco with the materials, that the State paid Brennan $107,445 for the materials, Brennan paid Adco, but Adco did not pay Elgard.

Elgard asserts that it qualifies under Conn.Gen.Stat. § 49–42 because: 1) it last supplied materials on September 9, 1992 and

within the one year limitations period, filed suit on September 2, 1993, 2) it served Brennan and American with notice of its claim within the required 180 days, and 3) it was not paid within 90 days.

## II. DISCUSSION

### A. Standard for Motion to Dismiss

██ A motion to dismiss under Fed. R.Civ.P. 12(b)(6) is decided solely on the facts alleged. *Goldman v. Belden*, 754 F.2d 1059, 1065–66 (2d Cir.1985). The complaint is construed most favorably to the plaintiff and the allegations are taken to be true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The issue is not whether plaintiff will prevail, but whether he should be afforded the opportunity to prove his claim. *Id.* The motion is granted only if no facts within the allegations would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### B. Connecticut General Statute Section 49–42(b)

Conn.Gen.Stat. § 49–42(b) states:

Every suit instituted under this section shall be brought in the name of the person suing, in the superior court for the judicial district where the contract was to be performed, irrespective of the amount in controversy in the suit, but no such suit may be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by the claimant.

According to defendants, this suit should be dismissed under Fed.R.Civ.P. 12(b)(6) because Conn.Gen.Stat. § 49–42(b) mandates that this suit be brought only in state Superior Court in the judicial district where the project is situated.

██ While a state statute may mandate that a bond suit be filed only in a particular state court, *Johnson Acoustics, Inc. v. P.J. Carlin Construction et al.*, 29 Conn.Supp. 457, 292 A.2d 273, 276 (1971), a state statute cannot divest a federal District Court of diversity jurisdiction. *Railway Company v. Whitton's Administrator*, 80 U.S. (13 Wall.) 270, 286, 20 L.Ed. 571 (1872); *Grand Bahama Petroleum Co. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1324–25 (2d Cir.1977).

In all cases, where a general right is thus conferred, it can be enforced in any Federal court within the State having jurisdiction of the parties. It cannot be withdrawn from the cognizance of such Federal court by any provision of State legislation that it shall only be enforced in a State court.

*Railway Company v. Whitton's Administrator*, 80 U.S. at 286.

In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction.

*Grand Bahama*, 550 F.2d at 1325 (quoting *Markham v. Newport News*, 292 F.2d 711, 713 (4th Cir.1961)).

Article 3, Section 2 of the United States Constitution provides that the judicial power of the United States shall extend to controversies between citizens of different states. Congress, in 28 U.S.C. Section 1332, extended such jurisdiction to the United States District Courts. A state "door closing" statute cannot divest the district court of jurisdiction when the statutory and constitutional requirements of diversity jurisdiction are satisfied.

Here, the statutory and constitutional requirements of diversity jurisdiction are met. This court has jurisdiction of this suit. The state cannot preclude a District Court from exercising the judicial power conferred upon the United States in the Constitution and in turn properly delegated to the District Court. *Railway Company*, 80 U.S. at 286.

## III. CONCLUSION

Defendants' motion to dismiss (doc. # 5) is denied.

SO ORDERED.