**FISHER SKYLIGHTS, INC., Plaintiff,**

v.

**CFC CONSTRUCTION LIMITED PARTNERSHIP and National Union Fire Insurance Company of Pittsburgh, PA., Defendants.**

No. 3:91CV00658 (RNC).

United States District Court, D. Connecticut.

Jan. 10, 1995.

Thomas M. Murtha, Maher & Murtha, Bridgeport, CT, David Bernstein, New York City, for Fisher Skylights, Inc.

Richard C. Robinson, Sorokin, Sorokin, Gross, Hyde & Williams, Hartford, CT, for CFC Construction Limited Partnership.

Susan S. Chambers, Carmody & Torrance, New Haven, CT, for National Union Fire Ins. Co. of Pittsburgh, PA.

### RULING ON SUMMARY JUDGMENT MOTIONS

CHATIGNY, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment against defendant National Union Fire Insurance Company (Docket # 55) and National Union's cross-motion for summary judgment (Docket # 57).

Plaintiff is a subcontractor seeking to recover on a labor and material bond issued by National Union in connection with a public construction project in New Haven. Though styled as a claim for "breach of contract," the claim is based on Connecticut's little Miller Act, which contains a one year statute of limitations. *See* Conn.Gen.Stat. § 49–42(b).

Plaintiff gave National Union timely written notice of its claim under the bond. National Union acknowledged the notice but did not accept or deny liability and never issued the declination notice required by § 49–42(a). Plaintiff eventually sued National Union by way of its amended complaint in this case more than two years after its work on the New Haven project was completed.

The issue is whether plaintiff is entitled to proceed against National Union despite its failure to commence suit within one year of the date it last worked on the project. Relying on the statute's remedial purpose, plaintiff argues that the one year period should not begin to run until the surety issues the declination notice required by § 49–42(a). National Union argues that the statute is not susceptible to such a construction. The parties agree that this issue of statutory construction may be resolved by summary judgment under Fed.R.Civ.P. 56.[1]

The one year time limitation of § 49–42(b) as it applies to this case required plaintiff to commence suit against National Union within "one year after ... materials were supplied or ... work was performed" by plaintiff in connection with the project. *See American Masons' Supply Co. v. F.W. Brown Co.*, 174 Conn. 219, 224, 384 A.2d 378 (1978) (one year time limitation contained in § 49–42(b) is jurisdictional requirement establishing condition precedent to maintaining action). The plain terms of this specific requirement leave no room for a construction that would toll the running of the one year period based on the surety's failure to issue a declination notice. *Major Machinery Corp. v. Woodland Brokers, Ltd.*, 1992 WL 201453 (1992) (surety's failure to issue declination letter under § 49–42(a) does not toll running of one year period; court must apply § 49–42(b)'s time limitation as written). *See Okee Industries, Inc. v. Nat'l Grange Mutual Ins. Co.*, 225 Conn. 367, 373, 623 A.2d 483 (1993) (rule of liberal construction does not apply to § 49–42's specific time requirements).

Plaintiff's motion for summary judgment on its claim against National Union (Docket # 55) is hereby denied and National Union's cross-motion for summary judgment (Docket # 57) is hereby granted. The amended complaint against National Union is hereby dismissed for failure to state a claim on which relief can be granted.

So ordered.

---

1. The Court has subject matter jurisdiction based on diversity of citizenship and may adjudicate plaintiff's claim even though § 49–42(b) states that suit "shall be brought" in Connecticut Superior Court. *See Elgard Corp. v. Brennan Construction Co.*, 157 F.R.D. 1, 2 (D.Conn.1994).