Jennifer WARNER and Aimee Boese, Plaintiffs–Appellants,

v.

GREENEBAUM, DOLL & MC-DONALD, et al., Defendants–Appellees.

Nos. 02–6002, 02–6503.

United States Court of Appeals, Sixth Circuit.

June 23, 2004.

494

Edwin F. Kagin, Kurt K. Mohnsam, Union, KY, for Plaintiffs–Appellants.

Beverly R. Storm, Mark G. Arnzen, Arnzen, Wentz, Molloy, Laber & Storm, William T. Robinson, III, Greenebaum, Doll & McDonald, Covington, KY, John B. Pinney, Graydon, Head & Ritchey, Cincinnati, OH, Thomas A. Prewitt, Graydon, Head & Ritchey, Ft. Mitchell, KY, for Defendants–Appellees.

Before: BOGGS, Chief Circuit Judge, DAUGHTREY, Circuit Judge, and ALDRICH,* District Judge.

PER CURIAM.

The plaintiffs in this consolidated appeal are self-described environmentalists who opposed a mining company's application for a zoning change in Kentucky state court. When lawyers representing both the mining company and the landowners who wanted to sell their land to the mining company began what the plaintiffs saw as vexatious retaliation against them in the zoning litigation, the plaintiffs filed separate but similar actions in federal court, pursuant to 42 U.S.C. § 1985. In their complaints, they alleged that the lawyers, the mining company, and the landowners had conspired to deprive them of their "rights to free speech, free association, petition, and privacy." Finding that the plaintiffs had failed to state a claim, the district court invoked Federal Rule of Civil Procedure 12(b)(6) and dismissed both actions, invoking three alternative bases: (i) that the complaints failed to allege a conspiracy within the meaning of § 1985(3); (ii) that the class described in the com-

---

* The Hon. Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

plaints was not "cognizable" for purposes of § 1985(3); and (iii) that the plaintiffs had failed to plead the existence of state action under § 1985(3). On appeal, the plaintiffs contend that the district court erred in restricting their claims to subsection (3) of § 1985, given the fact that their complaints made general reference to § 1985 and thus reflected their intent to rely on their rights under "the entirety of the present-day statute." They also contend that the district court erred in dismissing their complaints under Rule 12(b)(6).

Because we agree with the district court's determination that the complaints were legally insufficient to meet the cognizable-class and state-actor pleading requirements of § 1985(3), we affirm the order of dismissal.

### FACTUAL AND PROCEDURAL BACKGROUND

According to their complaints, Jennifer Warner and Aimee Boese, property owners in Boone County, Kentucky, are "supporters of pro-environmental, conservationist political views and philosophy, who attend, and on occasion speak out at, public hearings against zone changes they believe would damage their quality of life, harm the environment and otherwise be detrimental to the community at large." As part of their efforts, they have gathered e-mail addresses, organized neighbors, developed petitions, designed banners, written letters to elected officials, placed advertisements in newspapers, and researched issues relating to mining.

In December 1999, Hilltop Basic Resources applied for a zoning change in Boone County in order to be allowed to engage in limestone mining. John Seibel, an attorney for Hilltop, repeatedly called Warner, Boese, and others to try to gain their support and advice regarding Hill-

top's application. In January 2000, the Boone County Fiscal Court held a public hearing at which the plaintiffs and others opposed Hilltop's zoning application. That August, the Boone County Fiscal Court denied the application. According to the complaints, immediately after the vote, Hilltop's president, John Steele, told residents who had spoken against Hilltop's application that they "would regret it."

Represented by William T. Robinson, III and Paul B. Whitty of the firm Greenebaum, Doll, and McDonald PLLC, Hilltop filed an action in the Boone Circuit Court, appealing the fiscal court's decision and seeking a declaratory judgment. The fee-simple title-holders of some of the property Hilltop proposed to have re-zoned joined in the appeal. Hilltop's attorneys, on behalf of Hilltop and the landowners, served subpoenas duces tecum on the plaintiffs and others who opposed Hilltop's application at the public hearing, requiring them to appear for depositions and produce: their cellular phone and personal business phone records from December 1999 through August 2000; copies of their business and personal calendars from those dates; and all notes, correspondence, and memoranda relating to Hilltop's application, a specific zoning ordinance, or subsurface limestone mining. The plaintiffs were subsequently served with additional subpoenas duces tecum, requesting further information, including a "copy of any and all lists to whom e-mail messages have been sent by you regarding ... subsurface limestone mining or the Hilltop re-zoning application" and "[a]ny and all notes, letters, correspondence, communications, faxes, e-mails, memoranda received by you, or sent to you" or "in your possession ... at any time until the date of this [s]ubpoena" relating to Hilltop's application, the zoning ordinance, or subsurface limestone mining. In addition, Boese's subpoena noted that

she was the co-treasurer of a group called Residents Against Mining and asked for the names and addresses of all contributors to the group and the amounts of their contributions.

Before the issuance of the subpoenas, the Boone Circuit Court judge had entered an order allowing discovery to proceed. After the first subpoenas were issued, the plaintiffs filed a motion to quash the subpoenas, which the Circuit Court judge overruled, finding that "the information sought is relevant to Hilltop's claims and is not being sought for the purpose of harassment" and ordering the plaintiffs to appear for the depositions and produce the requested documents. The plaintiffs then filed a petition for a writ of prohibition with the Kentucky Court of Appeals, seeking to prohibit enforcement of the Boone Circuit Court's order, but their application was denied. They asked the Boone Circuit Court judge to reconsider his order, but the motion to reconsider, too, was denied.

Warner and Boese subsequently filed separate complaints in federal court, citing 42 U.S.C. § 1985 and alleging that the defendants had conspired to deprive them of their right to free speech, right to free association, right to petition the government, right to privacy, and right to participate in the political process. They asserted that the purpose of the state court subpoenas was not to obtain discovery but to punish them for their lawful activities, to intimidate them, and to prevent them from exercising their rights. They also included pendant state law claims of abuse of process and civil conspiracy. Warner's complaint had initially named as defendants only Hilltop and its lawyers. After Hilltop and Seibel made a motion to dismiss based on the "intra-corporate conspiracy doctrine," however, Warner filed a motion to amend her complaint to add the landowners as defendants. Boese's complaint included the landowners as parties from the beginning.

The district court granted Warner's motion to amend her complaint, but the court also granted the defendants' motion to dismiss it. The district judge found that the § 1985 claim was barred by the "intra-corporate conspiracy doctrine," that Warner needed to prove that she was a member of a cognizable class and had failed to do so, and that the alleged conspiracy was not actionable because it was "purely private." The court then declined to exercise supplemental jurisdiction over the remaining pendant state claims and dismissed both complaints with prejudice. This consolidated appeal followed.

## ANALYSIS

■ As a preliminary matter, we note the defendants' contention that we should abstain from considering this case because "the gravamen of Appellants' Complaints [is] a discovery dispute in a pending state court proceeding," citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In that case, the Supreme Court articulated a doctrine that allows federal courts, in extraordinary circumstances, to dismiss federal court actions that mirror concurrent state court actions. *Id.* at 818. In order to apply *Colorado River's* abstention doctrine, a court must determine that the state and federal proceedings are parallel. *See Crawley v. Hamilton County Comm'rs,* 744 F.2d 28, 31 (6th Cir.1984).

Here, we conclude, the federal and state court claims are not parallel. The plaintiffs in this case are not parties in the state court case, and to the extent that they were involved in that case, their involvement may very well be over. At the very least, the dispute over the subpoenas has ended. Furthermore, the relief sought by

the plaintiffs in state court differs from the relief they are seeking from this court. In state court, they sought to have the subpoenas quashed, whereas here they are seeking damages. Finally, the state court dispute involved state discovery law, whereas, in this court, the dispute involves federal civil rights law. Given these differences between the state and federal court cases, we see no valid reason to abstain from deciding this case.

We turn then to the district court's order of dismissal under Rule 12(b)(6), which we review de novo. *See Montgomery v. Huntington Bank,* 346 F.3d 693, 697–98 (6th Cir.2003). In considering a motion to dismiss, "all well-pleaded allegations in the complaint are treated as true, and the dismissal of the complaint is deemed proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 562 (6th Cir.2003) (internal quotation marks and citation omitted).

Though Warner did not specify which subsection of § 1985 she believed the defendants' actions violated, the district court assumed that she had brought the complaint under § 1985(3), which creates a cause of action against persons who conspire to deprive a person or class of equal protection or of "equal privileges and immunities under the laws." The entire analysis in the district court's memorandum, therefore, was limited to § 1985(3). In its dismissing Boese's complaint, on the other hand, the district court noted that Boese had not specified which portion of § 1985 the defendants had allegedly violated but found, regardless, that the complaint should be dismissed.

In their brief, the plaintiffs claim that they did not limit their suit to § 1985(3), but intended to include the "entirety of the present-day statute in their cause of ac-

tion." Section 1985(1), however, prohibits interference with officers in the performance of their duties and is clearly not relevant in this case. The first clause of § 1985(2) is likewise inapplicable to the facts of this case; it forbids a conspiracy to deter a party or witness in a federal court from attending or testifying in court, punishing parties or witnesses for having attended or testified in federal court, or influencing or punishing federal jurors. Hence, the second clause of § 1985(2) is the only possible subsection of § 1985, other than subsection (3), under which the plaintiffs might have stated a claim.

Subsection (2) creates a cause of action against "two or more persons" who "conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." The record fails to establish that the defendants' purpose in serving the subpoenas was to hinder "the course of justice" in Kentucky. We therefore confine our analysis, as did the district court, to the adequacy of the complaints to state a cause of action under § 1985(3).

■ The district court found that the plaintiffs were unable to prove that they were members of a cognizable class and that they were discriminated against based on that membership. The plaintiffs argue that their membership in an environmental group that opposed mining in rural Boone County should be sufficient for § 1985 protection. However, in *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court noted that § 1985(3) was not "intended to apply to all tortious, conspiratorial inter-

ferences with the rights of others" and held that the language in § 1985(3) "requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." The Court in *Griffin* explicitly refrained from deciding whether invidious discrimination based on something besides race would be actionable under § 1985(3). *Id.* at 102 n. 9. However, the Court has subsequently made it clear that conspiracies motivated by economic or commercial animus are not actionable under § 1985(3). *See United Bhd. of Carpenters and Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 838, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) (holding that conspiracy against workers who refused to join union was not actionable). In the process, the Court once again explicitly declined to decide the parameters of the class requirement, noting that "it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause." *Id.* at 836.

Ten years later the Supreme Court again spoke to the types of classes reached by § 1985(3). In *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993), abortion clinics and supporting organizations sought an injunction against abortion protesters, arguing that the protesters were violating § 1985(3). The Court held that the plaintiffs had not proven a class-based, invidiously discriminatory animus. It found that the protesters' actions were not aimed at women as a class, and that "women seeking abortions" were not a protected class because "the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." *Id.* at 269. Close on the heels of

*Bray,* we held that in order to be protected by § 1985(3), a class "must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender," *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.,* 32 F.3d 989, 994 (6th Cir.1994), language that was recently reiterated in *Vakilian v. Shaw,* 335 F.3d 509, 519 (6th Cir.2003)(citing *Haverstick,* 32 F.3d at 994).

The only apparent addition to this broad category recognized in this circuit arises from our ruling in *Cameron v. Brock,* 473 F.2d 608, 610 (6th Cir.1973), in which we noted that § 1985(3) reaches "clearly defined classes, such as supporters of a political candidate." Applying *Cameron* in *Glasson v. City of Louisville,* 518 F.2d 899 (6th Cir.1975), we held that police officers who destroyed posters that criticized the President, but not ones that supported him, had engaged in invidious, class-based discrimination that was actionable under § 1985(3). At the same time, we recognized that some conspiracies to deprive groups of their rights are not actionable under § 1985(3).

For example, in *Taylor v. Brighton Corp.,* 616 F.2d 256 (6th Cir.1980), we declined to recognize a class made up of employees who were discharged for reporting their employer's safety violations. More recently, in *Bartell v. Lohiser,* 215 F.3d 550 (6th Cir.2000), we held that discrimination based on mental disabilities was not actionable under § 1985(3), specifying that § 1985(3) covers only those "conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of asserting certain fundamental rights.'" *Id.,* at 560 (quoting *Browder v. Tipton,* 630 F.2d 1149, 1150 (6th Cir. 1980)). Even interpreting *Bartell* liberally, we do not believe that in their efforts to

block the zoning change, the plaintiffs can be said to have been "asserting *fundamental rights*" sufficient to satisfy § 1985(3).

Hence, our review of the facts alleged in the complaints filed in this case leads us to the conclusion that the plaintiffs (together or in combination with others involved in the zoning dispute) simply have not established that they fall within any of the § 1985(3) classes recognized by the Supreme Court or by this court. For that reason alone, the district court was correct in dismissing the complaints under Rule 12(b)(6).

■ The district court also found that the alleged conspiracy was purely private and that purely private conspiracies to violate First Amendment rights are not actionable under § 1985(3), citing *Scott*, 463 U.S. at 833–34. Indeed, the Supreme Court made it clear in *Scott* that a conspiracy to interfere with such rights is not a violation of § 1985(3) unless the state is involved in the conspiracy or "the aim of the conspiracy is to influence activity of the state." *Id.* at 830. Although the plaintiffs in this case claim that the actions of the defendants in the zoning litigation were intended to infringe their First Amendment rights, they have not alleged that the state was involved in the alleged conspiracy. On this basis, too, the district court correctly dismissed the complaints for failure to state a cause of action under Rule 12(b)(6).

### CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court.