NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0529n.06
Filed: July 28, 2006

No. 05-5595

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GLORIA CHELLMAN-SHELTON and RICHARD SHELTON,

        Plaintiffs-Appellees,

v.

WILLIAM GLENN, CRYSTAL GLENN, Employees of the Town of Smyrna in their professional responsibility and individually, and BOB SPIVEY, Mayor,

        Defendants-Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

_____

BEFORE: SILER, MCKEAGUE, and GRIFFIN, Circuit Judges.

PER CURIAM.

Plaintiffs-appellees Gloria Chellman-Shelton and Richard Shelton ("the Sheltons") are the neighbors of defendants-appellants William Glenn and Crystal Glenn ("the Glenns") in Smyrna, Tennessee. The two couples are embroiled in a dispute over the boundaries of their respective parcels. The Glenns sued the Sheltons in Tennessee state court, which issued its final judgment in June 2003. So far as the record reflects, neither side appealed the state trial court's order.

In April 2004, the Sheltons sued the Glenns in Tennessee state court, asserting claims under 42 U.S.C. § 1983 and the Tennessee Governmental Tort Liability Act. The Sheltons allege that the Glenns and various Smyrna township officials conspired to hinder the prosecution of the prior

boundary dispute action. The Glenns removed this action to the United States District Court, which

*sua sponte* dismissed the action under the abstention doctrine announced in *Colorado River Water*

*Conserv. Dist. v. United States*, 424 U.S. 800 (1976). The Glenns filed two FED. R. CIV. P. 60(b)(6)

motions for relief from judgment, which the district court denied. The Glenns appeal, contending

that *Colorado River* abstention was improper because no parallel state court action existed when the

district court entered its order. The Sheltons have not filed a brief opposing the appeal.

For the reasons that follow, we reverse and remand.

I.

The district court had federal-question jurisdiction over the Sheltons' § 1983 claims under

28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claims under 28 U.S.C. §

1367(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

II.

We review abstention decisions de novo. *Superior Beverage Co., Inc. v. Schieffelin & Co.,*

*Inc.*, 448 F.3d 910, 913 (6th Cir. 2006) (citations omitted); *Executive Arts Studio, Inc. v. City of*

*Grand Rapids*, 391 F.3d 783, 791 (6th Cir. 2004) (citation omitted).

"Abstention is 'an extraordinary and narrow exception to the duty of a District Court to

adjudicate a controversy properly before it.'" *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660

(6th Cir. 2002) (quoting *Colorado River*, 424 U.S. at 813). Abstention doctrines are "based on

principles of federalism and comity." *Id.* (citation omitted).

The Supreme Court articulated the issue as follows:

> Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the independence of state action, that the State's interests are paramount and that a dispute would best be adjudicated in a state forum.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996) (citations and internal quotation marks omitted). This equitable decision balances the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the state's interests in maintaining uniformity in the treatment of an essentially local problem and retaining local control over difficult questions of state law bearing on policy problems of substantial public import. *Caudill*, 301 F.3d at 660 (citation omitted).

"If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) (internal citation and quotation marks omitted); *accord Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 523 (6th Cir. 2001).

"In *Colorado River*, the Supreme Court noted that, despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' 424 U.S. at 817 . . . , considerations of judicial economy and federal-state comity may justify abstention in situations involving the *contemporaneous* exercise of jurisdiction of state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (emphasis added). "[W]here . . . there is no presently ongoing state proceeding parallel to the federal case, the exceptional circumstances

necessary for *Colorado River* abstention do not exist." *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 329 (6th Cir. 1998) (citation omitted).[1]

When the district court abstained, the related state court action between these parties had already concluded, so there was no pending state court proceeding to which the district court could defer. Consequently, the district court erred in abstaining under *Colorado River*. *Cf. Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984) (noting, in September 1984, "A necessary requirement for application of this *Colorado River* doctrine, however, is the presence of a *parallel* state proceeding. In our case, there is no such proceeding. In [state court] little, if any, action has been taken since December 23, 1980 . . . ."); *Warner v. Greenbaum, Doll & McDonald*, 104 F. App'x 493, 496 (6th Cir. 2004) (*Colorado River* abstention was inappropriate because state proceeding was not "parallel" to federal action; among other factors, "to the extent that [plaintiffs] were involved in that case, their involvement may very well be over").[2]

---

[1]*Accord Village of Westfield, N.Y. v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999) ("*Colorado River* applies where . . . state and federal courts exercise concurrent jurisdiction *simultaneously*.") (citation and internal quotation marks omitted) (emphasis added); *Sec. Farms v. Int'l Brhd. of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997) ("[I]nherent in the concept of abstention is the presence of a pend[ing] state action . . . .").

[2]*Cf. Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46 (1st Cir. 1995):

> In our view, the magistrate judge did not give appropriate attention to the fact that . . . the Illinois action consisted of no more than a pending appeal from the order of the [state trial court] dismissing the action for lack of personal jurisdiction. This was not a case where the parallel state action was strongly underway, making it perhaps reasonable, depending on the facts, to await the outcome in the state case before proceeding in the federal court.
>
> Here, if the [state trial court]'s dismissal for lack of personal jurisdiction should be

In short,"any doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction . . . ," *TruServ Corp. v. Flegles*, *Inc.*, 419 F.3d at 592 (bracketed text in original) (citation omitted), and here there is no doubt that there was no pending parallel state court suit. The district court must exercise jurisdiction. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 n.3 (5th Cir. 2006) ("If the suits are not parallel, the federal court must exercise jurisdiction.") (citation omitted).

Reversed and remanded.

---

affirmed by the Illinois Appellate Court, there will be left in existence no state action whatever; while if the lower court's dismissal should be reversed on appeal, the parties will merely be back at the very beginning of the process of litigating the merits of their controversy [in state trial court].

Under such circumstances, the federal diversity action . . . was the more immediately available vehicle for litigating the dispute.

The magistrate judge said that if the district court action were allowed to proceed, "the two parties would be litigating very similar issues in two separate forums." But this description suggests a parallelism that did not then exist, given that the Illinois case had been dismissed on jurisdictional grounds, leaving only an appeal from the dismissal.

*Id.* at 51 (paragraph breaks added).