NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0614n.06
Filed: October 14, 2008

## No. 07-5370

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CARL R. SEIDER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| TIMOTHY HUTCHISON; MICHAEL MOYERS; | ) | THE EASTERN DISTRICT OF |
| KNOX COUNTY, TENNESSEE; KNOX | ) | TENNESSEE |
| COUNTY ELECTION COMMISSION; BROOK | ) | |
| THOMPSON, | ) | |
| | ) | |
| Defendants-Appellees. | | |

Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.

**PER CURIAM**. Plaintiff Carl Seider appeals the district court's dismissal of his complaint against Timothy Hutchison, Michael Moyers, Knox County, Tennessee, the Knox County Election Commission, and Brook Thompson (collectively "Defendants"). His complaint alleged numerous federal and state law claims challenging the outcome of the May 2006 primary election of Hutchison as the Republican nominee for Knox County Sheriff. We conclude that Seider's claims for injunctive relief and mandamus are moot, and we affirm the judgment of the district

court dismissing these claims. However, because the district court erroneously applied the *Burford* abstention doctrine, we reverse its decision to abstain, vacate its judgment dismissing with prejudice Seider's claims for damages, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In May 2006, Seider filed a complaint in the Chancery Court for Knox County, Tennessee, challenging the legality of the primary election for the Republican nomination for Knox County Sheriff. He had run in the election as a write-in candidate but lost to the incumbent, Hutchison. The crux of Seider's complaint was that Hutchison was ineligible to run for sheriff because of the term limit laws in the Knox County Charter. The Defendants removed the case to the district court.

While the case was pending before the district court, the Knox County Chancery Court in a companion case held that the term limits laws in the Knox County Charter violated the Tennessee Constitution in *Jordan v. Knox County*, No. 16799-1. Seider was not a party to the *Jordan* litigation. However, as a result of the ruling, term-limited officials, including Hutchison, were allowed to take office. At the time the Defendants filed their motion to dismiss in the district court, *Jordan* was on appeal to the Tennessee Supreme Court. On January 12, 2007, the Tennessee Supreme Court reversed the Knox County Chancery Court and held that the term

limits did not violate the Tennessee Constitution. *Jordan v. Knox County*, 213 S.W.3d 751, 784-85 (Tenn. 2007). While the Tennessee Supreme Court upheld the term limit laws Seider sought to enforce, it did not provide for new elections because the term-limited officials "may continue as de facto officers until their successors are named in accordance with law." *Id*. at 784.

One day before the Knox County Commission's meeting to select appointees to replace the term-limited officials, including the sheriff, pursuant to the mandate of *Jordan*, the district court abstained from ruling on Seider's claims. The district court relied on *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), for the proposition that abstention was necessary to avoid needless conflict with a state's administration of its own affairs. It dismissed all of Seider's claims with prejudice.

## II. DISCUSSION

We may affirm for any reason supported by the record, even if the district court did not rely on such grounds. *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). We conclude that Seider's claims for injunctive relief and mandamus are moot because Knox County held an election for the office of sheriff on August 7, 2008.

With respect to the remaining damages claims, the district court should not have dismissed the case. "[T]he power to dismiss under the *Burford* doctrine . . .

derives from the discretion historically enjoyed by courts of equity." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 727-28 (1996). "While federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions." *Id.* at 721; *see also Superior Beverage Co., Inc. v. Schieffelin & Co.*, 448 F.3d 910, 913-14 (6th Cir. 2006) (holding that under *Quackenbush* abstention is not appropriate in cases with both equitable and damages claims). The district court therefore should not have dismissed the damages claims, but only stayed the proceedings until the resolution of the state issues. *See Meyers v. Franklin County Court of Common Pleas*, 23 Fed.Appx. 201, 206 (6th Cir. 2001) (affirming the district court's exercise of *Younger* abstention as to equitable relief, but finding only a stay appropriate for damages claims). Because the state action is now complete, Seider is entitled to resolution on the merits of his claims for damages.

AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further proceedings consistent with this opinion.