NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0580n.06
Filed: September 29, 2008

No. 08-4190

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROGER M. ESTILL, *et al.*, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GEORGIANNA COOL, *et al.*, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| Defendants-Appellees. | ) | |
| | ) | |

BOGGS, Chief Judge; MERRITT and GRIFFIN, Circuit Judges.

PER CURIAM

Plaintiff Roger M. Estill (Estill) filed a nominating petition to be an independent candidate for Sheriff of Holmes County, Ohio, in the November 2008 general election. After his candidacy was contested, the Holmes County Board of Elections determined that Estill did not meet the qualifications to run for Sheriff under Ohio Rev. Code Ann. § 311.01(B)(8) (West 2008) because he had not been employed as a full-time peace or law enforcement officer within specified times preceding the election. Estill and a registered Holmes County voter who wishes to vote for Estill then filed this civil rights action challenging the constitutionality of the full-time employment

requirement. They also filed a motion for a preliminary injunction directing that his name be placed on the November 2008 ballot.

The district court denied the motion for a preliminary injunction in an order entered on September 11, 2008. The plaintiffs filed a notice of appeal and moved in the district court for an injunction pending appeal. The district court denied that motion on September 19, 2008, and the plaintiffs have now renewed their motion in this court. The defendants have filed responses in opposition. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

After the Holmes County Board of Elections determined that he did not meet § 311.01(B)(8)'s experience requirement,[1] Estill brought suit in the United States District Court for the Southern District of Ohio. Estill challenged the constitutionality of § 311.01(B)(8) and sought a temporary injunction to have his name added to the ballot as a candidate for Holmes County Sheriff. Judge Frost denied the temporary injunction, and Estill appeals, also seeking an injunction pending appeal, which would give him the same relief.

The request for an injunction from us essentially reprises the arguments for reversing Judge Frost's decision denying the temporary injunction, and we consider both together.

---

[1] Section 311.01(B)(8) also requires that a candidate for Sheriff have a valid peace officer certificate of training from one of two Ohio state commissions. Ohio Rev. Code Ann. § 311.01(B)(8). Estill does not challenge the certification requirement, and there is no evidence or even an allegation that the certification requirement is being used to improperly influence the makeup of ballots for the office of Sheriff.

No. 08-4190
Estill v. Cool

We review the denial of a temporary injunction for abuse of discretion and we evaluate the request for an injunction under the familiar four-factor test of *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).[2] Since we review the denial of a temporary injunction based on the same four-factor test, both substantive inquiries are essentially the same.

We hold that Judge Frost did not abuse his discretion in weighing the four factors and therefore affirm his judgment. We also deny the request for an injunction pending appeal because Estill has not demonstrated a right to injunctive relief pending appeal under the four-factor test.

We emphasize that the public interest in orderly election administration militates in favor of holding that the district court did not abuse its discretion. In particular, the difficulty in altering the ballot printing and distribution at this late date (it is scheduled to begin on September 30) weighs heavily against an injunction. Furthermore, as is set out more fully in Judge Frost's well-reasoned opinion, Estill's attack on § 311.01(B)(8)'s experience requirement does not have a strong likelihood of success. Several cases have upheld this and similar requirements, and Estill cites none–and this court is aware of none–that have found such a requirement unconstitutional. *See Cicchino v. Luse*, 2000 U.S. Dist. LEXIS 10314 (S.D. Ohio) (upholding § 311.01(B)(8)'s training and certification requirement for Sheriff candidates); *Aey v. Mahoning County Bd. of Elections*, 2008 U.S. Dist.

---

[2] The four factors are: (1) whether the applicants have demonstrated a likelihood of success on the merits; (2) whether the applicants will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interested parties; and (4) where the public interest lies. *Mich. Coal.*, 945 F.2d at 153.

No. 08-4190
Estill v. Cool

LEXIS 19247 (N.D. Ohio) (upholding Ohio Rev. Code Ann. § 311.01(B)(9)'s supervisory experience and education requirements for Sheriff candidates); *State ex rel. Watson v. Hamilton County Bd. of Elections*, 88 Ohio St. 3d 239 (2000) (same).

For the reasons above, the district court's denial of a temporary injunction is AFFIRMED and the motion for an injunction pending appeal is DENIED. The mandate will issue forthwith.