Julie T. MEYERS, et al., Plaintiffs–
Appellants,

v.

FRANKLIN COUNTY COURT OF
COMMON PLEAS, et al.,
Defendants–Appellees.

No. 99–4411.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before JONES, BOGGS, and SILER, Circuit Judges.

PER CURIAM.

In this case the parents of a minor child challenge the constitutionality of the procedures used in juvenile court to temporarily remove their child to the physical custody of the county department of children services pending a hearing on the merits of the agency's request for temporary custody. This appeal requires us to determine whether the district court properly dismissed the case on the basis of the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We hold that the court properly dismissed without prejudice the parents' claims for injunctive and declaratory relief. However, with respect to the parents' damages claims against Defendant–Appellant China Widener, the district court should have entered a stay.

## I.

Plaintiff–Appellants Julie T. Meyers and Brad Meyers ("parents") are the natural parents of minor child Julie E. Meyers ("Julie"). In 1990, the Juvenile Branch of the Franklin County Court of Common Pleas adjudicated Julie a dependent child under Ohio Revised Code § 2151.04(C), which defines "dependent child" as any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." OHIO REV. CODE ANN. § 2151.04(C) (Anderson 1998). At the same time, the juvenile court made Julie a ward of the court and, pursuant to Ohio Revised Code § 2151.35.3(A)(2), issued a temporary custody commitment order, giving legal custody of Julie to Franklin County Children Services ("FCCS"), which in turn gave physical custody to Julie's maternal grandmother. In September of 1998, the court terminated the temporary custody commitment order, returning Julie to the custody of her mother, but retained wardship and ordered supervision by FCCS.

On October 29, 1999, at an annual review hearing before Magistrate Shoemaker of the Juvenile Court. FCCS requested that the court grant it temporary custody commitment of Julie pursuant to Ohio Revised Code § 2151.35.3(A)(2). Defendant–Appellant Widener [1] and the lay guardian argued that remaining in her mother's home would be detrimental to Julie's health and safety. The parents objected and raised some of the same constitutional arguments they raise here.

Magistrate Shoemaker scheduled a full evidentiary hearing on the request for November 16, 1999, and, citing Julie's health matters and the history of the case, he granted a temporary order of custody to FCCS pending the hearing. Judge Lias upheld Magistrate Shoemaker's decision on November 9th.

The parents then filed a complaint in the district court on November 10th, and on November 15th the parents filed the First Amended Complaint. The Juvenile Branch of the Franklin County Common Pleas Court, Magistrate Shoemaker, Judge Lias, and China Widener were listed as defendants. The amended complaint invokes 42 U.S.C. § 1983 and seeks a declaratory judgment, injunctive relief, and money damages for violation of the parents' constitutional rights. The parents alleged that their due process rights were violated when Magistrate Shoemaker and Judge Lias granted temporary custody of Julie to FCCS without a full evidentiary hearing. The complaint requested several injunctions: (1) ordering Magistrate Shoemaker and Judge Lias to rescind the temporary order of custody, (2) ordering FCCS to return Julie to her parents, and (3) requiring the Juvenile Court to establish procedures to insure that no child is removed by the court at a preliminary hearing without presentation of evidence that the child is in immediate danger.

On November 10th, the parents also filed a motion in the district court for a temporary restraining order and preliminary injunction ordering Judge Lias and Magistrate Shoemaker to set aside their order granting temporary custody of Julie to FCCS. Judge Graham of the United States District Court for the Southern District of Ohio held a hearing on the motion on November 15th and subsequently dismissed the complaint without prejudice on

---

1. The transcript of the proceedings before Magistrate Shoemaker indicates that China Widener appeared as attorney at law on behalf of FCCS, but the parents' brief indicates that she was an employee of FCCS who was covering for a social worker—not acting as an attorney.

the basis of the *Younger* abstention doctrine.

In addition, in December 1999, the parents filed with this Court an emergency motion for an injunction, or in the alternative, for an order to have juvenile court immediately conduct a hearing to determine whether the child ought to continue to be removed from the home pending a hearing on the merits.[2] Chief Judge Martin denied this motion because the parents had failed to demonstrate a substantial likelihood of success on the merits of their challenge to the district court's decision to abstain.

Finally, at a hearing before Magistrate Shoemaker on January 6, 2000, the parents consented to a temporary custody commitment of Julie to FCCS, and the juvenile court entered a judgment to that effect on January 12, 2000.

## II.

■ We review *de novo* the district court's decision to abstain based on the *Younger* abstention doctrine. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995).

■ The Supreme Court's decision in *Younger v. Harris*, "counsels federal-court abstention when there is a pending state proceeding" and "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). In *Younger* itself the Supreme Court required that a federal court abstain from enjoining a pending state criminal proceeding; however, that holding has been extended to civil proceedings in which important state interests are involved. *See*

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–05, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Indeed, cases out of the Supreme Court and this Court make it clear that abstention is generally appropriate in matters of family relations such as child custody. *See, e.g., Moore v. Sims*, 442 U.S. at 435, 99 S.Ct. 2371; *Kelm v. Hyatt*, 44 F.3d at 420; *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir.), *cert. denied*, 513 U.S. 870, 115 S.Ct. 193, 130 L.Ed.2d 126 (1994). Abstention in civil cases is appropriate where: (1) there is a pending state proceeding; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords the plaintiff an adequate opportunity to raise constitutional claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Kelm*, 44 F.3d at 419.

■ At the October 29th annual review, FCCS requested that the juvenile court grant it a temporary custody commitment, and Magistrate Shoemaker scheduled a full evidentiary hearing on that matter for November 16, 1999. He also granted a temporary order of custody pending the November 16th hearing. In the interim, on November 10th, the parents filed this suit. Thus, a state proceeding on the minor child's custody was pending when the parents filed their federal complaint. *See Cooper*, 203 F.3d at 954 (stating that the Court should look to whether a state proceeding was pending at the time the federal complaint was filed). In addition, child welfare and protection is an important state interest. *See Moore*, 442 U.S. at 423, 435, 99 S.Ct. 2371 (applying *Younger* abstention to a case involving the temporary removal of a child in child-

---

2. The parents concede that their concession to the temporary custody commitment at the

January hearing before Magistrate Shoemaker makes this request for a hearing moot.

abuse context); *Kelm*, 44 F.3d at 420 (explaining that domestic relations is an area of important state interest). Thus, the first and second requirements for abstention are satisfied.

■ The remaining question is whether the state proceeding affords the plaintiffs-appellants the opportunity to raise their constitutional claims. "Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. at 15, 107 S.Ct. 1519). In *Pennzoil*, the Supreme Court explained that "Article VI of the United States Constitution declares that 'the Judges in every State shall be bound' by the Federal Constitution, laws, and treaties. We cannot assume that state judges will interpret ambiguities in state procedural law to bar presentation of federal claims." 481 U.S. at 15, 107 S.Ct. 1519.

■ Thus, the burden of establishing the inadequacy of the state courts rests on the plaintiff. *See Pennzoil*, 481 U.S. at 14, 107 S.Ct. 1519; *Kelm*, 44 F.3d at 420. The parents claim that their challenge to the procedures used when removing a child from the parents' home pending a merit hearing cannot be raised in juvenile court. They do not explain how this is the case or provide any support for this assertion. In addition, at the January hearing before Magistrate Shoemaker, the parents consented to an order of a temporary custody commitment of Julie to FCCS, so they

have not shown that the state courts would not provide them with an opportunity to present their challenges. The parents have not met their burden. In fact, case law suggests that the state courts do provide an adequate forum.

In *Kelm*, the plaintiff sought injunctive relief, alleging that two Ohio domestic relations/domestic violence statutes that involved temporary restraining orders and civil protective orders were unconstitutional. 44 F.3d at 418. There was an underlying divorce case pending. *Id.* at 419. The plaintiff argued that the Ohio courts did not provide him with an opportunity to raise his constitutional claims because he would have to wait for settlement of the divorce to challenge the validity of one of the statutes, and he could not challenge the civil protective order procedures because his wife had withdrawn the order. *Id.* at 420. The Court noted that, as was the case in the Supreme Court's *Pennzoil* decision, Ohio has an "open courts provision." *Id.* (citing Article 1, § 16 of the Ohio Constitution). The Court stated that "the Ohio courts have given us no reason to question their ability or willingness to address Kelm's constitutional questions" and concluded that "[b]ecause the Ohio courts provide an adequate forum for Kelm's constitutional claims, the third criterion of *Younger* is satisfied." 44 F.3d at 420–21.[3]

Thus, we agree with the district court that all three elements necessary for abstention under *Younger* have been met.

---

**3.** It is worth noting that the fact that an Ohio juvenile court was the forum for the state court proceeding in the case at bar does not appear to change the result. Case law demonstrates that parties can generally raise constitutional challenges to statutes and procedures as a defense to neglect proceedings, *see, e.g., Lesher v. Lavrich*, 784 F.2d 193, 194 (6th Cir.1986). Moreover, Ohio Revised Code § 2151.01 provides that juvenile court jurisdiction is to be "liberally interpreted and con-

strued" so that, among other objectives, "the parties are assured of a fair hearing, and their constitutional and other legal rights are recognized and enforced." OHIO REV. CODE ANN. §§ 2151.01(D) (Anderson 1998). See also *J.P. v. DeSanti*, 653 F.2d 1080, 1084–85 (6th Cir. 1981), in which the court rejected a claim that abstention was improper because Ohio law did not provide an opportunity for a class of juvenile appellants to raise a constitutional challenge to juvenile court procedure.

Based on abstention, it was proper to dismiss the parents' claims for injunctive and declaratory relief.[4] *See, e.g., Moore,* 442 U.S. at 418–19, 435, 99 S.Ct. 2371 (holding that abstention was proper and remanding with instructions to dismiss the complaint, which sought a declaration that state statutes pertaining to child custody were unconstitutional); *Kelm,* 44 F.3d at 422 (affirming the district court's dismissal of claims for injunctive relief on abstention grounds). However, with respect to the damages claims against Defendant–Appellee Widener, the appropriate action based on *Younger* abstention is a stay. *See Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1075 (6th Cir.1998) (holding that when abstaining from damages claims, the proper course of action is a stay, rather than dismissal); *Quackenbush v. Allstate Insurance Co.,* 517 U.S. 706, 721, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

■ Appellees contend that we should affirm the dismissal of the damages claims on the alternative ground that Widener is protected by qualified immunity. The question of qualified immunity does not appear to have been raised before the district court and certainly was not addressed by the district court. In general, this Court does not entertain arguments not raised before the district court, and we decline to do so here. *See Meador v. Cabinet for Human Resources,* 902 F.2d 474, 477 (6th Cir.1990) (declining to consider the question of qualified immunity raised for the first time on appeal because resolution of the issue was not beyond any doubt); *Dominque v. Telb,* 831 F.2d 673, 677–78 (6th Cir.1987) (remanding because the district court did not directly address

what the clearly established state of the law was at the time of the challenged act, which was necessary to determine the application of qualified immunity).

■ In addition, appellees argue that rather than affirming the dismissal without prejudice of the parents' claims for injunctive and declaratory relief, this Court should dismiss those claims with prejudice on the basis that they are moot. We decline to do so. Appellees' argument is based on the fact that at the January 6th hearing the parents did not contest the motion that resulted in the granting of a temporary custody commitment of Julie to FCCS. Even if we were to find that the parents' claims for injunctive[5] and declaratory relief were otherwise moot, we would conclude that the exception for issues that are "capable of repetition yet evading review" saves the parents' claims from dismissal for mootness. *See Honig v. Doe,* 484 U.S. 305, 318, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (holding that a student's claim was saved from being dismissed as moot because it was reasonable to expect that the student would once again be subjected to the practices he challenged).

■ "The capable-of-repetition doctrine applies only in exceptional situations, where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna,* 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (internal

---

4. We agree with the district court that this case does not warrant the invocation of an exception to the *Younger* doctrine. *See Ada–Cascade Watch Co., Inc. v. Cascade Resource Recovery, Inc.,* 720 F.2d 897, 902 n. 2 (6th Cir.1983) (listing exceptions to *Younger* ).

5. The parents requested injunctions to rescind the order granting temporary custody to FCCS, to require FCCS to return Julie to her parents, and to establish procedures relating to removal at a preliminary hearing. (J.A. at 20.)

citations omitted); *see also McPherson v. Michigan High School Athletic Ass'n, Inc.,* 119 F.3d 453, 458 (6th Cir.1997). Here, the parents are challenging the procedures used for removal of a child at a *preliminary* hearing, which is naturally followed by a hearing on the merits. In this case only a couple of months elapsed between the preliminary hearing and the merit hearing. Barring unusual circumstances, the length of time between the two hearings would be too short to allow for litigation of the parents' claims.

The second requirement is satisfied as well. Taking the history of this family's experience with FCCS as an indication, Julie may well return to living with a parent. At that point, "given the nature of the parental conduct that necessitated placement" of Julie with FCCS (neglect of health concerns, possible drug use, etc.) there is a reasonable possibility that Julie and her parents will once again encounter the procedures that they challenge. *Winston v. Children and Youth Services of Delaware County,* 948 F.2d 1380, 1384 (3d Cir.1991) (applying *Honig* to a case involving child custody issues).

### III.

For the foregoing reasons, we **AFFIRM** the district court's dismissal without prejudice of the parents' claims for injunctive and declaratory relief on the basis of the *Younger* abstention doctrine, and we **REMAND** the case to the district court so that it may enter a stay with respect to the parents' damages claims against Defendant–Appellant Widener.