RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0046p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ABDALLA A. NIMER; CATHY J. FOBES;
MI-KE'S HOME, LLC; MEDINA FOODS, INC.,

                      *Plaintiffs-Appellants*,

          v.

LITCHFIELD TOWNSHIP BOARD OF TRUSTEES,
et al.,

                      *Defendants-Appellees*.

No. 12-3309

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:11-cv-687—Christopher A. Boyko, District Judge.

Decided and Filed: February 21, 2013

Before: MARTIN, SILER and DONALD, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Theodore J. Lesiak, LESIAK HENSAL & HATHCOCK, LLC, Medina, Ohio, for Appellants. Timothy T. Reid, Meghan B. Kilbane, MANSOUR, GAVIN, GERLACK & MANOS CO., LPA, Cleveland, Ohio, for Appellees.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. There are two issues in this *Younger* abstention case. The first is whether *Younger* abstention applies to a claim seeking damages under 42 United States Code section 1983. The second is whether, after applying *Younger* and deciding to abstain, a district court may exercise its discretion and decide to dismiss such a damages claim. We hold that *Younger* abstention applies to a 42 United States Code section 1983 damages claim, but that a district court lacks the power to decide whether to dismiss such a damages claim. Instead, where, as here, the

1

plaintiffs seek only legal relief (in the form of damages), relief that does not involve the district court's equitable or discretionary powers, then the district court may not exercise its discretion to decide whether to dismiss the case; instead, the district court must stay the damages claim pending the outcome of the state court proceedings. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). Therefore, we **REMAND** this case with instructions to stay these proceedings.

Abdalla Nimer and his wife, Cathy Fobes, (the Nimers), own land where they operate a business that produces meat snacks such as beef jerky. They began constructing buildings on their land because they wanted to expand the business to include the butchering of cattle and pigs. Their land, however, was zoned for residential use. The Nimers did not get zoning certificates before constructing and improving the buildings on their property.

The Litchfield Township Board of Trustees sued the Nimers in the Medina County Court of Common Pleas seeking injunctive relief. The Medina County Court enjoined the Nimers from putting the buildings to any other use aside from keeping and feeding animals until they could get the necessary zoning certificates.

The Nimers then appealed the Medina County Court's decision to the Ohio Ninth District Court of Appeals. Several days after appealing the state court decision, the Nimers sued Litchfield Township in federal district court under 42 United States Code section 1983, alleging that the Township had violated their rights under the Fourteenth Amendment and requesting compensatory and punitive damages. The district court applied the doctrine from *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from the case, which it dismissed without prejudice.

We review de novo a district court's decision to abstain under the *Younger* doctrine. *Habich v. Dearborn*, 331 F.3d 524, 530 (6th Cir. 2003) (citing *Traughber v. Beauchane*, 760 F.2d 673, 676 (6th Cir. 1985)). In *Traughber*, we articulated for the first time "the standard to be applied by this court in reviewing decisions of abstention

by district courts." *Traughber*, 760 F.2d at 675. We noted that the Eleventh Circuit reviewed for abuse of discretion the decisions of district courts to abstain under the *Younger* doctrine, but we chose to follow the Ninth and Third Circuits, and several of our earlier precedents, which applied de novo review to cases of *Younger* abstention. *Id.* We reasoned that de novo review was approriate "[b]ecause theories of state and federal law, and expressions of federalism and comity, are so interrelated in the decision to abstain" that "such dispositions are elevated to a level of importance dictating *de novo* appellate review." *Id.* at 676 n.1.

We have held that a district court may apply the *Younger* doctrine to abstain from adjudicating a plaintiff's federal claim if that claim seeks legal–as opposed to equitable or declaratory–relief. *Carroll*, 139 F.3d at 1076. Here, we read the Nimers' federal complaint as seeking only legal relief. Their complaint specifically asks for a jury trial as well as compensatory and punitive damages. It does not specifically request declaratory or injunctive relief. While their complaint does conclude by requesting "any further relief this Court deems just and proper[,]" we read this as boilerplate. So, we conclude that the Nimers' complaint sounds in damages. This means, as we will explain later, that the district court was not able to exercise its discretion at all in dismissing the case; the district court should have stayed the case–instead of deciding to dismiss it without prejudice–after finding that the *Younger* doctrine applied.

A district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims. *Habich*, 331 F.3d at 530 (citing *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997)).

The first condition for the application of *Younger* abstention is that the state proceeding must be pending on the day the plaintiff sues in federal court–the so-called "day-of-filing" rule. *Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991).

Here, the first condition for *Younger* abstention is satisfied because the Nimers appealed their state court case on March 30, 2011, and that appeal was still pending when they brought their federal lawsuit on April 6, 2011.

The second condition for *Younger* abstention is that the state has a substantial, legitimate interest in the kind of state proceeding at issue. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans et al.*, 491 U.S. 350, 365 (1989).

Here, the proceeding at issue is a civil state court action to enforce a municipality's zoning ordinance. In a case involving the *Younger* doctrine, we held that a city "does have a substantial interest in enforcing its zoning laws without federal interference in the state's judicial processes[.]" *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 791 (6th Cir. 2004). Therefore, the facts of this case satisfy the second condition for *Younger* abstention.

The third condition for *Younger* abstention is that the state proceeding affords an adequate opportunity for the federal plaintiffs to raise their constitutional claims. *Fed. Express Corp.*, 925 F.2d at 970 (quoting *Moore v. Sims*, 442 U.S. 415, 430 (1979)) (parallel citations omitted). The federal plaintiffs bear the burden of showing that state procedural law barred presentation of their constitutional claims. *Id.* (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)) (parallel citations omitted).

Here, the Nimers acknowledge that they brought constitutional issues to the Medina County Court of Common Pleas' attention. In their brief, the Nimers state that "it is clear" that they raised "constitutional defenses" in the Medina County Court, but they claim that the court "ignored" these issues because it did not address them in its Order granting Litchfield's injunction. So, the Nimers conclude that they had no "meaningful opportunity" nor an "adequate opportunity to raise these issues in the state court[.]" But the Nimers have not carried their burden in showing that state procedural law barred them from presenting their constitutional claims–which they did present. Therefore, the facts of this case satisfy the third condition for *Younger* abstention.

If the Nimers had sought equitable or otherwise discretionary relief, we would proceed to examine for abuse of discretion the district court's decision to dismiss the case. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). But where, as here, the plaintiffs seek only legal relief, and the district court properly applies the *Younger* doctrine to abstain from adjudicating a claim for damages, it must stay the case instead of exercising its discretion in deciding to dismiss the case. This is because the United States Supreme Court has held that "[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary*." *Quackenbush*, 517 U.S. at 731 (emphasis added). *See also Carroll*, 139 F.3d at 1079 (Moore, J., concurring in part) ("While *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention."). Whether the plaintiffs seek a legal versus an equitable remedy controls how the district court disposes of the case after holding that the *Younger* doctrine applies to it. If the plaintiffs seek equitable relief, such as an injunction, then the district court may exercise its discretion and decide whether to dismiss the case, and we would then review its decision for abuse of discretion. *Coles*, 448 F.3d at 865. But where, as here, the plaintiffs seek purely legal relief, in the form of damages, *Quackenbush* prevents the district court from even exercising its discretion and deciding to dismiss the case.

Because, as discussed above, the Nimers sought legal, instead of equitable or discretionary, relief, *Quackenbush* prevented the district court from exercising its discretion and deciding to dismiss their case. Therefore, the district court erred when it chose to exercise its discretion and decided to dismiss the Nimers' claim without prejudice.

We **REMAND** this case, instructing the district court to stay these proceedings.