NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0515n.06

Case No. 21-2987

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 12, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| CATHOLIC HEALTHCARE INTERNATIONAL, INC., et al., | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| GENOA CHARTER TOWNSHIP, MICHIGAN., et al., | ) ) ) | |
| Defendants-Appellees. | ) | |

The court delivered a PER CURIAM opinion. THAPAR, J. (pp. 4–6), delivered a separate concurring opinion.

BEFORE: WHITE, DONALD, and THAPAR, Circuit Judges.

PER CURIAM. Catholic Healthcare International (CHI) acquired a tract of land in Genoa Charter Township, Michigan. It planned to use the land for religious displays and assemblies, and it constructed a prayer trail with the Stations of the Cross on display and a grotto for outdoor worship. The township claims that these are "structures" that require permits under its Zoning Ordinance, and it ordered CHI to remove them.

Both parties filed suit: CHI in federal court, and Genoa in state court. Each sought a temporary restraining order and preliminary injunction to preclude the other's conduct. The state court granted Genoa a temporary restraining order, directing CHI to remove the grotto and Stations

of the Cross and to cancel a planned gathering at the site. The federal district court denied CHI's motion, noting relief was likely barred by the *Younger* abstention doctrine. CHI appeals the district court's order and moves this court for an injunction pending appeal.

As the parties have presented their merits arguments in their briefing and time is of the essence, we consider CHI's appeal here. *Cf. Adams & Boyle, P.C. v. Slatery*, 956 F.3d 913, 923 (6th Cir. 2020), *vacated as moot*, 141 S. Ct. 1262 (2021); *see also Estill v. Cool*, 295 F. App'x 25, 27 (6th Cir. 2008). We review the denial of a preliminary injunction for an abuse of discretion, but we look at issues of law (like *Younger* abstention) de novo.

The Supreme Court has cautioned lower courts that abstention is appropriate only in "exceptional" circumstances. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (citation omitted). It emphasized that we may abstain only where there are parallel state proceedings that fall into one of three narrow categories: criminal prosecutions, civil-enforcement actions that resemble criminal prosecutions, or cases that implicate the state's interest in enforcing its judgments. *Id.* at 72–73. And it explained that to be "akin to a criminal prosecution," a civil-enforcement action must be similar in certain "important respects." *Id.* at 79 (citation omitted).

The district court held that abstention is appropriate here. It relied on *Nimer v. Litchfield Township Board of Trustees*, which exercised *Younger* abstention in a zoning-enforcement proceeding. 707 F.3d 699, 701 (6th Cir. 2013). But *Nimer* came before *Sprint*. And the district court did not address *Sprint*'s emphasis on just how limited the civil-enforcement category is. Nor did it explain why Genoa's state-court zoning-enforcement action resembles a criminal proceeding. So we remand for the district court to consider in the first instance whether this case involves a civil-enforcement action that is "akin to a criminal prosecution" and thus eligible for *Younger* abstention. *See Sprint*, 571 U.S. at 79.

The appeal is **REMANDED** for further proceedings consistent with this opinion. The motion for an injunction pending appeal is **DENIED** as moot.

THAPAR, Circuit Judge, concurring. I write separately to explain why Genoa's zoning-enforcement action is not a state proceeding "akin to a criminal prosecution" and thus is not eligible for *Younger* abstention. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013).

As the majority notes, *Sprint* emphasized that federal courts may abstain only in three "exceptional" circumstances. *Id.* at 78. And just one could be relevant here: civil-enforcement actions that are "akin to" criminal proceedings. *Id.* at 79. But a review of the Supreme Court's guidance and our own precedent reveals that Genoa's zoning-enforcement action does not resemble a criminal proceeding. So *Younger* abstention does not apply.

When is a civil enforcement action "akin to" a criminal proceeding? A few key factors guide our analysis. First, whether the state is a party. Second, whether the procedures parallel those used in a criminal prosecution—often including an investigation or a formal charge. And third, whether the purpose of the action is punitive. *See id.* at 79–80; *Doe v. Univ. of Ky.*, 860 F.3d 365, 369–70 (6th Cir. 2017). While the first is likely met here, the second and third are not.

Under our precedent, the first factor is met if a state actor is a party to the suit. *See, e.g.*, *Doe*, 860 F.3d at 370 (public university); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (ethics committee acting on behalf of state supreme court). Here, the state delegated Genoa authority to enact its zoning ordinance. *See* Mich. Comp. Laws Ann. § 125.3201. And the township exercised governmental authority to write the ordinance and to enforce it. So Genoa is most likely a state actor.

We next ask whether the state-court action's procedures are like the procedures in a criminal prosecution. *See Sprint*, 571 U.S. at 79–80; *Doe*, 860 F.3d at 370. To be sure, they need not be identical. In *Doe*, we recognized that a university disciplinary proceeding under Title IX

was sufficiently similar, even though those proceedings lacked the formality and due-process protections of a criminal trial. *Doe*, 860 F.3d at 370. But the procedures there bore a much closer resemblance to a criminal proceeding than those here. *Doe*'s case involved a formal complaint and investigation—both procedures the Court identified in *Sprint*. *Compare id.*, *with Sprint*, 571 U.S. at 79–80. Here, rather than formally investigating a violation, Genoa went back and forth with Catholic Healthcare International about permissible uses for the property. Catholic Healthcare eventually built the grotto and Stations of the Cross without a permit, and the township ordered the organization to remove them. When Catholic Healthcare didn't, the township sued in state court, asking for a temporary restraining order and preliminary injunction. None of this sounds in criminal process. Indeed, it resembles two private parties trying to resolve a dispute and when they don't, one files suit seeking injunctive relief. No formal investigation. No formal charge. Just a civil complaint. Thus, our second inquiry militates against applying *Younger*.

Finally, we ask whether the state action aims to punish Catholic Healthcare for some wrongful act. Punishment and compliance are usually two different things. The purpose of Genoa's civil-enforcement action is to force Catholic Healthcare to comply with the township's zoning ordinance—not to punish it for a past failure to comply. Contrast that with the actions in *Doe* and *Middlesex*. In *Doe*, the university's proceeding "was brought to sanction Doe and could have severe consequences." 860 F.3d at 370. And *Middlesex* involved a disciplinary proceeding against a lawyer charged with violating the rules of professional conduct. 457 U.S. at 427–29. In both cases, the purpose of the state case was punitive. Not so here.

To be sure, *Sprint* cited three cases that weren't explicitly punitive. *See* 571 U.S. at 79 (citing *Moore v. Sims*, 442 U.S. 415, 419–20 (1979); *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 598 (1975)). But in each of those cases, the Court

explicitly noted that criminal prosecutions were available to the state as an alternative, and that the civil action was "in aid of and closely related to criminal statutes." *Moore*, 442 U.S. at 423 (quoting *Huffman*, 420 U.S. at 604); *see Trainor*, 431 U.S. at 444. In *Moore*, removing children from abusive parents related to criminal statutes against child abuse. 442 U.S. at 423. In *Trainor*, recovering fraudulently obtained state assistance furthered criminal laws against such fraud. 431 U.S. at 444. And in *Huffman*, a nuisance suit to close a theater that screened obscene films aided criminal statutes outlawing obscenity. 420 U.S. at 604. But there is no criminal-law analogue here. The township's civil-enforcement action is just that—a civil suit to enforce a zoning ordinance.

In sum, Genoa's suit against Catholic Healthcare fits only one of the factors *Sprint* identified, at best. And we know that the state's participation alone cannot transform an ordinary preliminary-injunction suit into something "more akin to a criminal prosecution than are most civil cases." *Sprint*, 571 U.S. at 81 (quoting *Huffman*, 420 U.S. at 604). Thus, *Younger* abstention does not apply.