NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0518n.06

No. 24-1600

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 12, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| PAUL SATKOWIAK, | ) | |
| Plaintiff-Appellant, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DANIELLE MCCLAIN; KELLY | ) | MICHIGAN |
| TUREK; SAM NOFFKE, in their official | ) | |
| and personal capacities. | ) | |
| | ) | OPINION |
| Defendants-Appellees. | ) | |
| | ) | |

Before:  GRIFFIN, STRANCH, and MATHIS, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Paul Satkowiak brings this action under 42 U.S.C. § 1983 against Danielle McClain, Kelly Turek, and Sam Noffke—employees of the Michigan Department of Environment, Great Lakes, and Energy ("EGLE")—in their official and personal capacities.  Satkowiak alleges that the defendants seized water and soil samples from his property without a warrant, in violation of the Fourth Amendment.  The district court stayed the federal action, finding that a corresponding civil action in state court brought by the EGLE against Satkowiak compelled the district court's abstention under *Younger v. Harris*, 401 U.S. 37 (1971).  On appeal, Satkowiak contends that *Younger* abstention is not warranted because he cannot obtain an adequate remedy in state court and because the defendants' conduct was flagrantly unconstitutional.  For the reasons that follow, we **AFFIRM** the judgment of the district court.

## I.    BACKGROUND

Satkowiak owns a sixteen-acre property in Bay County, Michigan.  EGLE has sued Satkowiak in the Ingham County Circuit Court, seeking fines for alleged environmental harms resulting in the erosion and sedimentation of wetlands purportedly located on the property.  On July 26, 2023, the state court issued a preliminary injunction enjoining Satkowiak from, among other things, depositing additional fill material in the wetlands, dredging materials from the wetlands, and engaging in construction activity on the wetlands.  The injunction authorized recurring inspections of Satkowiak's property but did not expressly authorize seizure of any specific items located on the property.

Pursuant to the injunction, an inspection of Satkowiak's property took place on December 5, 2023.  The inspection was performed by McClain, Turek, and Noffke.  During the inspection, the three inspectors took water and soil samples without Satkowiak's consent.

On December 6, 2023, Satkowiak sued McClain, Turek, and Noffke in federal court, asserting that the water and soil samples were seized in violation of his Fourth Amendment rights. Satkowiak sought a judgment declaring that the removal of the samples was unconstitutional, an injunction ordering the return of the samples and requiring the destruction of any data derived from the samples, and monetary damages.  The defendants moved, in part, to dismiss the case pursuant to the *Younger* abstention doctrine.  On July 16, 2024, the district court granted in part the defendants' motion and stayed the case, finding that the ongoing state civil proceeding against Satkowiak triggered *Younger* abstention.  Satkowiak timely appealed.

## II.    ANALYSIS

Orders of abstention are considered appealable final judgments under 28 U.S.C. § 1291. *Jones v. Coleman*, 848 F.3d 744, 748 (6th Cir. 2017).  "We review de novo a district court's decision to abstain pursuant to" *Younger*.  *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017).

The *Younger* abstention doctrine derives from the principle that federal courts should avoid interfering with ongoing state criminal prosecutions, or state proceedings resembling criminal prosecutions.  *Id.* at 368-69.  Specifically, *Younger* proscribes federal courts from intruding into a (1) state criminal prosecution, (2) civil enforcement proceeding akin to a criminal prosecution, or (3) civil proceeding "involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 78 (2013) (quotation and ellipsis omitted).

If the proceeding falls into one of the three enumerated categories, a court may only apply *Younger* where the state proceeding:  (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise his constitutional claims.  *See Middlesex Cnty. Ethics Comm. v. Garden St. Bar Ass'n*, 457 U.S. 423, 432 (1982).  Finally, even if all three factors are satisfied, a plaintiff may assert that an exception to *Younger* applies, such as (1) bad faith, (2) harassment, or (3) flagrant unconstitutionality of the statute or rule at issue.  *Doe*, 860 F.3d at 371.

Here, the district court found that EGLE's proceeding against Satkowiak was an action initiated by the State "to sanction [Satkowiak] for . . . [a] wrongful act," thereby constituting a civil enforcement action akin to a criminal prosecution.  *Sprint Commc'ns*, 571 U.S. at 79.  The court further found that all three *Middlesex* factors were met because the state proceeding (1) was ongoing, (2) implicated Michigan's important state interest in protecting its environment, and

(3) afforded Satkowiak adequate opportunity to assert his Fourth Amendment claim. *See* 457 U.S. at 432. Finally, the district court rejected Satkowiak's contention that the "flagrant unconstitutionality" exception barred *Younger*'s application.

On appeal, Satkowiak challenges only two aspects of the district court's decision. First, he contends that the third *Middlesex* factor is not met because the underlying state proceeding does not afford him adequate opportunity to assert his Fourth Amendment claim against EGLE. Second, he argues that, even if all three *Middlesex* factors are satisfied, the flagrant unconstitutionality of the defendants' conduct forecloses *Younger*'s application. We address each argument in turn.

## A.      Adequate Opportunity

A plaintiff must have an adequate opportunity in the state proceeding to raise constitutional challenges. *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006). The plaintiff bears the burden of showing that state law bars presentation of his constitutional claims. *Id.* Abstention is generally appropriate unless state law bars the disposition of the constitutional claims. *Id.* Here, Satkowiak contends that he lacks an adequate opportunity to assert his constitutional claim because a recent Michigan case, *Long Lake Township v. Maxon*, categorically bars him from seeking the return of the water and soil samples and the destruction and exclusion of any data derived from those samples—his alleged Fourth Amendment remedies—in the state civil proceeding. 997 N.W.2d 250 (Mich. Ct. App. 2022), *aff'd* --- N.W.3d ---, No. 164948, 2024 WL 1960615 (Mich. May 3, 2024).

*Maxon* arose out of a local zoning and nuisance dispute between a municipality and a homeowner. *Id.* at 252. As part of the proceeding, the township hired a private company to take aerial photographs of the homeowner's property. *Id.* The homeowner moved to suppress the aerial

footage, arguing that it was obtained in violation of his Fourth Amendment rights. *Id.* The Michigan Court of Appeals, assuming that the aerial photographs were indeed obtained in violation of the Fourth Amendment, evaluated whether application of the exclusionary rule was warranted. *Id.* at 252-53. After weighing the costs and benefits of applying the rule to the proceeding at issue, the state appellate court concluded that application of the exclusionary rule was unwarranted. *Id.* at 258-59. In reaching this decision, the court cited the non-punitive nature of the proceeding, the fact that the search was performed by a private party at the behest of a "lower-level bureaucrat," the difficulty of enforcing zoning laws without drone footage, and the fact that Maxon had a "powerful" alternative remedy for the alleged violation—"a civil lawsuit sounding in constitutional tort." *Id.* at 258. The Michigan Supreme Court affirmed. *Maxon*, 2024 WL 1960615, at *8.

Contrary to Satkowiak's assertions, *Maxon* does not prohibit him from asserting a Fourth Amendment claim and seeking the return of the soil and water samples and the destruction and exclusion of any data derived from those samples. *Maxon* was a fact-specific case that did not extend beyond the zoning context. 997 N.W.2d at 253 ("We are now asked to consider whether the exclusionary rule applies in zoning cases such as the one at hand."). At no point did the state Court of Appeals or the state Supreme Court hold that the exclusionary rule can never apply to civil proceedings. To the contrary, in affirming the Court of Appeals, the Michigan Supreme Court emphasized that "application of the exclusionary rule 'involves weighing the costs and benefits in each particular case.'" *Maxon*, 2024 WL 1960615, at *6 (emphases omitted) (quoting *People v Goldston*, 682 N.W.2d 479, 482 (Mich. 2004)). Nor did *Maxon* hold, as Satkowiak contends, that the *only* available remedy for individuals who state a violation of their Fourth Amendment rights in civil proceedings is a new "civil lawsuit sounding in constitutional tort[.]" Appellant Br. 16

(quoting *Maxon*, 997 N.W.2d at 257). Rather, this alternative avenue was one of multiple factors the court considered in reaching its determination that the exclusionary rule was not warranted in that specific case. *Maxon*, 997 N.W.2d at 258. The existence of a separate tort claim as an alternative remedy is, therefore, not dispositive of the exclusionary rule inquiry.

In sum, we see nothing in *Maxon*, or Michigan law more broadly, that would proscribe the state court from adjudicating Satkowiak's Fourth Amendment claim and granting him the relief he seeks. The district court thus correctly held that Satkowiak has an adequate opportunity to raise his Fourth Amendment claim in state court.

### B. Flagrant Unconstitutionality

A plaintiff may avoid *Younger* abstention by showing that an exception applies. *Doe*, 860 F.3d at 371. Here, the sole exception invoked by Satkowiak is the "flagrant unconstitutionality" exception. The Supreme Court has held that the exception may apply in instances where a statute or rule is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54 (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)). "Showing such flagrant unconstitutionality is a high bar." *Doe*, 860 F.3d at 371.

On appeal, Satkowiak does not argue that any particular Michigan statute or regulation is flagrantly unconstitutional. Nor does he argue that the injunction issued by the state court is flagrantly unconstitutional. Rather, he points only to the defendants' specific act of removing water and soil samples from his property. Even if that specific act were unquestionably unconstitutional, it is not clear that the unconstitutionality of that single act would suffice to foreclose *Younger* abstention. *Cf. Doe*, 860 F.3d at 371 (noting that, for purposes of establishing

the "flagrant unconstitutionality" exception, a plaintiff must show not only that a specific policy "was applied in an unconstitutional manner," but also that the policy is facially unconstitutional).

Regardless, on the record before us, we cannot say that the defendants' conduct was *flagrantly* unconstitutional. Satkowiak bases his Fourth Amendment claim entirely on the defendants' taking of water and soil samples from his sixteen-acre property. There is no controlling Supreme Court or Sixth Circuit case law holding that the warrantless removal of soil and water samples from private property, pursuant to an environmental investigation, violates the Fourth Amendment in all circumstances. Satkowiak has not met his high burden of showing that the defendants' conduct in this case was "flagrantly and patently" unconstitutional. *Younger*, 401 U.S. at 53-54 (quoting *Watson*, 313 U.S. at 402).

The district court, therefore, was correct in finding that the "flagrant unconstitutionality" exception does not apply.

## III.   CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.